Rees e J:
delivered the opinion of the court.
It is objected to this warrant, that it does not státe the form of the action, and the case of Paris v. Brown, 5 Yer. R. 268 is referred to as'sustaining the objection. That case determines that the' warrant must state every thing necessary to give the defendant a proper knowledge of the' charge against him, so that he may prepare himself for his' defence. This is the principle of the casei It is true,' that the able Judge who gave' the opinion of the court in that case, in reply to the argument of counsel, that the magistracy as a body, were not sufficiently enlightened to carry that principle into effect, en-quires, “if it be possible to believe that any man in the commission of the peace is so very ignorant, as not to be capable of stating on the face of the warrant,' not in set form, but in substance, plainly and briefly that the defendant is summoned to answer the plaintiff of a plea of trespass for taking and carrying his colt, or for killing his cow or his ox, or for throwing down his fence, or' for breaking-open his house.” That the court in that case attached no importance to the form of the action,- is shown in the above example, in which it is not stated what that form should be, whether trespass or case, or trespass with force and arms, except as indicated by the nature of the injury. A plea of “damages occasioned by beating and wounding the plaintiff,” is just and good and is sustained by the principle _and the entire scope of reasoning, in the case of Parris v. Brown.
It is said that the statute extending the jurisdiction of magistrates in matters of tort and" damages from twenty to fifty ' *418 dollars is unconstitutional. The contrary has in principle, been determined by this court in the case of Morford v. Barnes, 8 Yer. R. 444.
Let the judgment be affirmed.
Judgment affirmed.